### CONSOLIDATED ASSOCIATION BANK vs. FOUCHER ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

When the parties to a note, secured by mortgage, have not been put in default by a demand or protest for non-payment, and there is no stipulation, that the party failing to comply with the agreement, shall be deemed to be in default by the mere act of failure, under the 1905th article of the Louisiana Code, interest cannot be demanded.

But where it was stipulated in the mortgage, that the debtors might prolong payment of part of the note, by paying a discount of one half at the end of the year, to be credited on it; and on failure, to be liable for the whole sum, principal, *interest* and costs: *Held*, that the party was bound to pay interest from the time the note became due, without any formal demand.

In notes given to banks, if no rate of interest be specified, it will be inferred that the contract was made in reference to the charter, and governed by the rate of interest fixed therein.

EASTERN DIST.
*May*, 1836.
- CONSOLIDATED
BANK
*vs.*
FOUCHER ET AL.

The Bank of the Consolidated Association of Louisiana, obtained an order of seizure and sale, on a note and mortgage, executed to secure the sum of ten thousand dollars, which the defendants, Antoine Foucher, sen'r, and his wife, borrowed from the bank, the 30th December, 1830, payable one year after date.

The mortgage contained a stipulation for prolongation of payment. No rate of interest was specified, but the bank charter authorised it to take interest at the rate of eight per cent. per annum. The note was due the 30th December, 1831. No payment was made on it, or prolongation of payment obtained; it lay over without protest until the 27th January, 1836, when the executory proceedings were commenced on the mortgage.

The defendants objected to paying interest, as the note was not protested, or any demand made on them before suit.

The district judge decreed the payment of interest at the rate of eight per cent. per annum, from the time the note became due until paid. The defendants appealed.

*Derbigny*, for the plaintiffs.

*Deny*, contra.

*Bullard, J.*; delivered the opinion of the court.

The plaintiffs having obtained an order of seizure and sale, of certain property mortgaged to the bank, to secure the payment of a loan, the defendants took a rule on them to show cause, why the order of seizure should not be set aside on their paying the sum of ten thousand dollars, with interest from the day the same was issued. The court discharged the rule, and ordered the sheriff to proceed on the writ, to make the principal sum, with interest, at eight per. cent. from the 30th of December, 1831, when the debt fell due; and the defendants have appealed.

EASTERN DIST.
*May*, 1336.

CONSOLIDATED
BANK
*vs.*
FOUCHER ET AL.

When the parties to a note secured by mortgage, have not been put in default by a demand or protest for non-payment, and there is no stipulation, that the party failing to comply with the agreement, shall be deemed to be in default by the mere act of failure, under the article 1905 of the Louisiana Code, interest cannot be demanded.

But where it was stipulated in the mortgage, that the debtor might prolong payment of part of the note, by paying a discount of one half, at the end of the year, to be credited on it, and on failure, to be liable for the whole sum, principal, *interest* and costs : *Held*, that the party was bound to pay interest from the time the note became due, without any formal demand.

In notes given to banks, if no rate of interest be specified, it will be inferred that the contract was made in reference to the

The promissory note, the payment of which was secured by the mortgage in question, contains no stipulation for interest. It was made payable at *a fixed day* at the banking house of the plaintiffs, nor does it appear that the note was protested for non-payment, nor any formal demand before issuing the writ of seizure, about four years after it fell due. It appears to us clear, therefore, that the defendants have not been put in default by a demand, and that neither the note nor the mortgage contain any provision that the party failing to comply with their engagement shall be deemed to be in default, by the mere act of their failure, according to article 1905 of the Louisiana Code. If the defendants, therefore, be bound to pay interest from the time the note fell due, it must be by virtue of some stipulation contained in the act of mortgage.

By that act, it was stipulated that the defendants might at the time the note should fall due, prolong the payment of one half the sum for another year, upon the payment of a discount for that period, the note to remain in possession of the bank, and the payment which might be made to be credited upon it. It was further stipulated, that if they should fail to make the payment of one-half, they should lose the advantage of prolonging the payment, and shall be subject to be prosecuted for the whole sum due to the association, as well principal as interest, and costs due and incurred, and to become due and be incurred, " tant en capital qu'en intérêt et frais échu, et faits et à échoir et à faire."

This clause seems to contemplate the payment of interest on the defendants failing to comply with the stipulation in their favor, that the payment of one-half might be prolonged for another year, upon their paying one-half the principal, and discount on the other half for another year ; it would be a forced construction of this contract, which should enable the defendants to gain any advantage from their own failure, to avail themselves of a stipulation in their favor. They were promised a delay of another year, for one half the debt, on the payment of interest, and now they seek to avoid the payment of interest altogether, except from judicial demand,

although they have enjoyed in fact, a greater indulgence than was promised them by their contract with the bank. It is true the rate of interest is not mentioned, but we concur in opinion with the judge of the District Court, that the contract was made with reference to the charter of the bank, which allows eight per cent.

charter, and governed by the rate of interest fixed therein.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.